## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ROBERT KURSAR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | **Civil Action No. 07-2001 (RBW)** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **THE HONORABLE MICHAEL CHERTOFF** | ) | |
| **Secretary, Department of Homeland Security,** | ) | |
| **et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

### MOTION TO DISMISS

Michael Chertoff, Secretary, Department of Homeland Security, through the United

States Attorney for the District of Columbia, respectfully moves this Court for dismissal of this

action pursuant to Fed. R. Civ. P. 12(b)(1) and (6).   In support of this motion, the Court is

respectfully referred to the attached memorandum of points and authorities.  A proposed order is

also attached.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____/s/_____
CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ROBERT KURSAR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | **Civil Action No. 07-2001 (RBW)** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **THE HONORABLE MICHAEL CHERTOFF** | ) | |
| **Secretary, Department of Homeland Security,** | ) | |
| **et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ _____ | ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Plaintiff Robert Kursar is a former Federal Air Marshal (FAM) with the United States

Department of Homeland Security (DHS), Transportation Security Administration (TSA), who

was terminated from his position with the Agency based on a conversation that his supervisor,

William Blake, had with Wellington Hom, a former colleague of Mr. Kursar's in the National

Guard.  Mr. Kursar was terminated within two months of his initial appointment and was serving

a probationary period.  Mr. Kursar is currently in litigation with the Agency regarding his

termination under the Uniformed Services Employment and Reemployment Rights Act

(USERRA) and previously has raised some of the claims at issue in his complaint before the

U.S. Court of Appeals for the Federal Circuit (Federal Circuit).  Notwithstanding his pending

litigation before the United States Merit Systems Protection Board (MSPB), Mr. Kursar has filed

the instant lawsuit challenging his termination under the Constitution, the Administrative

Procedures Act (APA), and the Privacy Act.  For the reasons stated below, all of these claims are

subject to dismissal under Federal Rules of Civil Procedure 12(b)(1) or 12(b)(6).

## **BACKGROUND**

On April 7, 2002, TSA hired Plaintiff as a FAM in the Seattle Field Office of the Federal Air Marshal Service. Complaint (Compl.), ¶ 7. Less than one month later, on April 25, 2002, TSA issued Plaintiff a Notice of Proposed Termination (Notice) during his probationary period because he falsified information on his SF-86 (Questionnaire for National Security Position). Id. at ¶ 10. Specifically, TSA asserted that Plaintiff failed to disclose that he had been terminated from the Washington State Army/National Guard and that he falsely stated that he had never had a security clearance revoked or suspended. Id. After considering his response to the Notice, TSA terminated Plaintiff during his probationary period, effective May 8, 2002. Id. at ¶ 12, see also Kursar v. Department of Transportation, 2004 MSPB LEXIS 1344, *3 (August 26, 2004). On March 3, 2003, almost ten (10) months later, Plaintiff filed an appeal with the MSPB alleging that TSA had terminated him based on his prior military service in violation of USERRA. Compl. at ¶ 13. On March 2 and 3, 2004, the MSPB administrative judge held a hearing to determine whether Plaintiff had been discriminated against when he was terminated by TSA. Kursar v. Department of Transportation, supra *1. Based on the testimony and demeanor of the witnesses at the hearing, the administrative judge held that the Agency did not discriminate against the Plaintiff, that Plaintiff's testimony was not credible, and that William Blake, the official who made the determination to terminate the Plaintiff, permissibly based his decision on his "gut feeling" that Plaintiff was not trustworthy. Id. at *43 - 44.

Plaintiff appealed the initial decision to the full MSPB claiming that he had "new, previously unavailable" evidence that demonstrated "the specific intent behind the USERRA

violation at issue."[1]  He also alleged the Agency had not provided him with due process rights.

The Board summarily denied the Plaintiff's petition for review.  <u>Kursar v. Department of</u>

<u>Transportation</u>, 2005 MSPB LEXIS 1526 (March 28, 2005). Plaintiff appealed the Board's

decision to the Federal Circuit, alleging that the administrative judge's decision should be

overturned based on the "new evidence," and because the Agency violated his right to due

process.  On December 12, 2005, the Federal Circuit remanded the case for further consideration

because the record was insufficient to support a conclusion that the proffered evidence was not

new and material.  However, the Federal Circuit rejected Plaintiff's due process claim and held

that he was not an employee who was entitled to the due process protections of the Fifth

Amendment because he was a probationary employee.  <u>Kursar v. Department of Transportation</u>,

157 Fed. Appx. 306, 309 and n. 1. (Fed. Cir. 2005).  Plaintiff did not seek a rehearing en banc or

petition for review to the Supreme Court on that issue.

     As a result of the remand from the Federal Circuit, the MSPB sent the case back to an

administrative judge to make a determination of credibility regarding the "new evidence"

proffered by the Plaintiff regarding his USERRA claim.  <u>See</u> <u>Kursar v. Department of</u>

<u>Transportation</u>, 102 M.S.P.R. 306 (2006).  The MSPB did not remand or consider Plaintiff's due

process claim that had been rejected by the Federal Circuit.  The MSPB's order required the

administrative judge to:

     assess the credibility and probative value of Mr. Johnson's affidavit, and

---

[1]Specifically, Kursar alleged that an affidavit that surfaced after the MSPB hearing in March 2004, called into question whether William Blake, the deciding official, and Wellington Hom, the individual who provided adverse information to the Agency, were aware that Kursar had previously filed a USERRA complaint against his former employer who had terminated his employment for impersonating a Drug Enforcement Administration Agent.

> determine whether it warrants a finding that the Plaintiff's protected USERRA
> activity was a substantial or motivating factor in the agency's decision to
> terminate his employment. Both parties shall be provided the opportunity to
> submit evidence and argument on this issue. If appropriate, the administrative
> judge may hold a supplemental hearing. If the administrative judge determines
> that the Plaintiff has satisfied his initial burden of proof on his USERRA claim,
> then the agency shall be given the opportunity to prove that legitimate reasons,
> standing alone, would have induced it to terminate the Plaintiff's employment.

Kursar v. Department of Transportation, 102 M.S.P.R. 306, 310 (2006). The decision from the MSPB was silent on Plaintiff's due process arguments, which already had been dismissed by the Federal Circuit.

On remand, the administrative judge issued a decision finding no discrimination with regard to the new evidence proffered by the Plaintiff. Kursar v. Department of Homeland Security, 2007 MSPB LEXIS 5966 (September 28, 2007). The administrative judge did not consider, and Plaintiff did not raise, the due process arguments that Plaintiff previously raised before the Federal Circuit. Id. Plaintiff has appealed the administrative judge's decision to the full MSPB and the matter is still pending.

On November 6, 2007, Plaintiff filed this action in the District Court for the District of Columbia. R. 1. He alleges that the Agency violated his due process rights under the Fifth Amendment, as well as violated the APA and the Privacy Act. Id. Plaintiff seeks a rescission of the termination action, all costs associated with his defense of this case, expungement of his employment records, and criminal prosecution for anyone who violated his Privacy Act rights. Id. at ¶ 92. Defendant DHS moves for dismissal under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

4

**ARGUMENT**

I.      **Standard of Review**

DHS moves to dismiss the Complaint in its entirety under Federal Rule of Civil

Procedure 12.  The Court lacks jurisdiction over Plaintiff's APA claim as well as his due process

and Fifth Amendment claims under Fed. R. Civ. P. 12(b)(1).  Additionally, Plaintiff's APA, due

process and Fifth Amendment claims fail to state a claim upon which relief may be granted

under Fed. R. Civ. P. 12(b)(6).  As for the remainder of the complaint, including his request for a

"name clearing hearing" and his  Privacy Act claims, Plaintiff has failed to exhaust his

administrative remedies, and fails to state a claim as to the remainder of his claims pursuant to

Rules 12(b)(1) and (6).

A.      **Federal Rule of Civil Procedure 12(b)(1).**

Under Fed. R. Civ. P. 12(b)(1), the plaintiff bears the burden of establishing that the

Court has jurisdiction.  "[A] Rule 12(b)(1) motion imposes on the court an affirmative obligation

to ensure that it is acting within the scope of its jurisdictional authority."  <u>Fowler v. District of

Columbia</u>, 122 F. Supp. 2d 37, 39 (D.D.C. 2000).  If jurisdiction has not been established, the

Court must dismiss the action. In determining the scope of the jurisdiction, it is sometimes

necessary for the court to look to matters outside the pleadings. <u>Battle v. Rubin</u>, 121 F. Supp. 2d

4, 6 (D.D.C. 2000); <u>Fowler</u>, 122 F. Supp. 2d at 40.

B.      **Federal Rule of Civil Procedure 12(b)(6).**

Fed. R.Civ.P. 12(b)(6) provides, in pertinent part that  "failure to state a claim upon

which relief can be granted" is a ground for dismissal of a claim.  "[O]nce a claim has been

stated adequately, it may be supported by showing any set of facts consistent with the allegations

in the complaint." <u>Bell Atlantic Corp. v. Twombly,</u> --- U.S. --- , 127 S. Ct. 1955, 1964-65

(2007); <u>see</u> <u>also</u> <u>In re Sealed Case</u>, 494 F.3d 139, 145 (D.C. Cir. 2007).   However, factual

allegations "must be enough to raise a right to relief above the speculative level," and that a

plaintiff must make "a 'showing,' rather than a blanket assertion, of entitlement to relief.'"

<u>Twombly</u>, 127 S.Ct. At 1964-65.  A Rule 12(b)(6) motion may be converted into a summary

judgment motion pursuant to Fed. R. Civ. P. 56 when matters outside the pleadings are

considered.    While the plaintiff need not plead the elements of a prima facie case in the

pleadings, the plaintiff carries the burden of alleging a set of facts upon which relief can be

granted.  <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506 (2002)

## II.   <u>Plaintiff's Due Process Claims Should Be Dismissed.</u>

### A.   <u>Plaintiff's Due Process and Fifth Amendment Claims Are Precluded Under</u> <u>*Res Judicata*</u>.

Plaintiff alleges in his first and seventh claims that he was not afforded due process rights

in violation of the Fifth Amendment.  However, in previous litigation against the TSA, Plaintiff's

Fifth Amendment and due process claims were addressed and rejected by the Federal Circuit

Court of Appeals (Federal Circuit).  As such, under the doctrine of *res judicata*, these two claims

should be dismissed for failing to state a claim upon which relief may be granted.  Fed R. Civ. P.

12(b)(6).

Under the doctrine of *res judicata*, or claim preclusion, a subsequent lawsuit will be

barred if there has been prior litigation (1) involving the same claims or cause of action, (2)

between the same parties or their privies, and (3) there has been a final, valid judgment on the

merits, (4) by a court of competent jurisdiction.  <u>Smalls v. United States</u>, 471 F.3d 186, 192

(D.C. Cir. 2006) (citing <u>Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.</u>, 402 U.S. 313, 323-24

(1971)); Comm'r of Internal Revenue v. Sunnen, 333 U.S. 591, 597 (1948); see also Nathan v.

Rowan, 651 F.2d 1223, 1226 (6th Cir. 1981) (citing Hansberry v. Lee, 311 U.S. 32 (1940)).

As discussed above, Plaintiff has been litigating against TSA for several years regarding

his termination.  During his litigation against the Agency, he raised the issue of his due process

rights under the Fifth Amendment before the Federal Circuit.  Kursar v. Department of

Transportation, 157 Fed. Appx. 306, 309 (Fed. Cir. 2005).  The Federal Circuit rejected this

argument because Plaintiff was not an employee who was entitled to the due process protections

of the Fifth Amendment because he was a probationary employee.  The court held in pertinent

part:

> In his appeal, Mr. Kursar raises two issues. First, Mr. Kursar argues that he was
> denied due process because he was terminated without an adequate opportunity to
> respond to Major Hom's allegations. However, because Mr. Kursar was
> completing a probationary period in an excepted service position-a conclusion
> Mr. Kursar does not challenge-he has failed to show that he was denied
> procedural rights to which he was entitled. Under 5 U.S.C. §§ 7511-13, for
> purposes of appealing a removal action, a petitioner must be included in one of
> several possible categories in order to meet the definition of "employee." Mr.
> Kursar was employed by the TSA on a trial basis for less than one month.
> Accordingly, he was not within the statutory definition of "employee" in section
> 7511(a)(1), regardless of whether he was, as he asserts in his brief, a preference
> eligible veteran. Because he was not an "employee" under section 7511, he was
> not entitled to the protections of section 7513, which include the right to 30 days
> written notice, an opportunity to respond, and the right to appeal an adverse
> decision to the MSPB. See Horner v. Lucas, 832 F.2d 596, 597 (Fed. Cir. 1987)
> (holding that petitioner was not entitled to the protections of 5 U.S.C. §§
> 7511(a)(1) and 7513 because under section 7511(a)(1)(A) the temporary status of
> his position in the competitive service prevented him from qualifying as an
> employee). And because of Mr. Kursar's status as a probationary employee, the
> Board correctly concluded that Mr. Kursar had no right to appeal the merits of his
> termination to the MSPB.[1]
>
>> 1  As a probationary employee, Mr. Kursar lacked a property interest in
>> his position that entitled him to procedural protections under the Fifth
>> Amendment's Due Process Clause. See Cleveland Bd. of Educ. v.
>> Loudermill, 470 U.S. 532, 541, (1985); Bd. of Regents v. Roth, 408 U.S.

564, 577 (1972); <u>Silva v. Bieluch</u>, 351 F.3d 1045, 1047 (11th Cir. 2003);
<u>Williams v. Seniff</u>, 342 F.3d 774, 787 (7th Cir. 2003); <u>Finley v. Giacobbe</u>,
79 F.3d 1285, 1297-98 (2d Cir. 1996).

<u>Id</u>. and n. 1.[2]

As a matter of law, Plaintiff's due process and Fifth Amendment claims must be
dismissed.

There is no dispute that Plaintiff raised these issues before the Federal Circuit. A court
designated with the authority to review MSPB decisions regarding jurisdiction over
probationary employees. There can be no dispute based on a review of the Federal Circuit
decision that Plaintiff was appealing his removal from TSA. And finally, there is no dispute
that TSA was a party in that litigation.[3] Thus, the Court should dismiss Plaintiff's first and
seventh claims because he has already raised these issues before the Federal Circuit, and the
Federal Circuit dismissed the claims. Under the doctrine of *res judicata*, Plaintiff cannot
relitigate these claims in this forum, and therefore Plaintiff fails to state a claim upon which
relief may be granted.

**B**.    **As a Probationary Employee, Plaintiff Was Not Entitled To Due Process
Regarding His Termination From Employment.**

Plaintiff's first and seventh claims in his complaint allege that his employment was
terminated and he was not afforded due process under the Fifth Amendment. The Plaintiff

_____

[2]The Federal Circuit remanded the case back to the MSPB on the second issue on appeal
regarding Plaintiff's USERRA claim. Nonetheless, Plaintiff never sought further review of the
Federal Circuit's rejection of his due process argument.

[3]TSA was transferred from the Department of Transportation to the Department of
Homeland Security under the Homeland Security Act. 6 U.S.C. § 203(2). The current case on
remand for the MSPB has been recaptioned to reflect that TSA is now part of DHS. <u>See</u> <u>Kursar
v. Department of Homeland Security</u>, 2007 MSPB LEXIS 5966 (September 28, 2007).

himself admits that he was a probationary employee at the time he was terminated from service

with TSA.  <u>See</u> Compl. ¶ 24.  However, as a matter of law, Plaintiff's argument fails because as

a probationary employee, he was not entitled to any due process in the termination of his

employment.

An indiividual has no due process rights in the termination of his probationary federal

employment.  "Property interests in employment are not themselves constitutionally created;

rather they are derived from independent sources, such as statutes, regulations, ordinances, or

'existing rules or understandings . . . that secure certain benefits and that support claims of

entitlement to those benefits.'"  <u>Doe v. Gates</u>, 981 F.2d 1316, 1320 (D.C. Cir. 1993) (citing <u>Bd.</u>

<u>of Regents v. Roth</u> 408 U.S. 564, 567 (1972)).  <u>See</u> <u>Cleveland Bd. of Educ. v. Loudermill</u>, 470

U.S. 532, 537 (1985).  The District of Columbia Circuit considers probationary employees "at

will" employees without property interests triggering procedural protections.  <u>Piroglu v.</u>

<u>Coleman</u>, 25 F.3d 1098, 1104 (D.C. Cir. 1994), <u>cert denied</u> 513 U.S. 1147 (1995).  Because it is

undisputed that the Plaintiff was a probationary employee at the time he was terminated by TSA,

he was not entitled to any due process procedures. <u>United States v. Fausto</u>, 484 U.S. 439, 448-49

(1988) (The Civil Service Reform Act (CSRA) is the exclusive remedy for government

employees to challenge terminations of their employment and Congress so chose to treat

probationary employees as a disfavored class.)  As discussed in the previous section, the Federal

Circuit detailed its findings that a probationary employee is not entitled to due process

protections.  Furthermore, although not entitled to an opportunity to respond to the allegations

against him, the Agency provided the Plaintiff with notice and the opportunity to respond prior

to taking the employment action.  Compl. ¶¶ 10 - 11.  Thus, by Plaintiff's own admission, he was

given *more* due process than he was entitled to by the Agency.  Therefore, Plaintiff's first and seventh causes of action should be dismissed.

### C.    Plaintiff's APA Claim Is Precluded by the Civil Service Reform Act.

Plaintiff contends in his second cause of action that the Agency failed to follow procedures and regulations in violation of the APA when it failed to afford him a hearing when it terminated his probationary employment.  See Compl. ¶ 31.  However, this argument also must fail because the Civil Service Reform Act (CSRA) precludes judicial review of the Agency's action under the APA.

Under long standing precedent, a former federal employee cannot bring an APA claim over issues that are covered under the CSRA.  The CSRA is the exclusive remedy for adverse employment actions.  Hall v. Clinton, 143 F. Supp. 2d 1, 5 (D.D.C. 2001); Spagnola v. Mathis, 859 F.2d 223, 229 (D.C. Cir. 1988) (holding that the CSRA preempted the plaintiff's constitutional claim even though the CSRA provided him with no remedy).  Specific to Plaintiff's APA claim, there is no remedy available under the APA for an employment claim as to which the CSRA provided no relief.  Fornaro v. James, 416 F.3d 63, 67 (D.C. Cir. 2005) (citing Carducci v. Regan, 714 F.2d 171, 174-75 (D.C. Cir. 1983).  See also Ayrault v. Pena, 60 F.3d 346, 349 (7th Cir. 1995) ("Ayrault's probationary status convinces us that, if she is not entitled to the CSRA's protections as an "employee," she is entitled to no remedy at all.").

Plaintiff contends that he should be afforded a hearing regarding the issues that resulted in his termination.  However, it is undisputed that he was a probationary excepted service employee.  Therefore, in order to appeal his termination to the Merit Systems Protection Board (MSPB), he was required to meet the statutory requirement of having one year of current

continuous service in the same or similar position.  5 U.S.C. § 7511(a)(1)(C)(I).  As such, under

the CSRA, Plaintiff was not entitled to appeal his termination to the MSPB.  Therefore, under

<u>Carducci</u> and <u>Fausto</u>, Plaintiff is not entitled to any remedy because Congress specifically

exempted probationary employees from the provisions of Chapter 75 of title 5.  Thus, the Court

lacks subject matter jurisdiction over the Plaintiff's APA claim and it should be dismissed.

       **D.**      **<u>Plaintiff Is Not Entitled to a Name Clearing Hearing Because His Termination Has Already Been Litigated Before the MSPB under USERRA and the Agency Afforded the Plaintiff an Opportunity to Respond to His Removal</u>.**

      Plaintiff asserts as his third cause of action that he is entitled to a "name clearing" hearing

based on his termination from the Agency.  However, Plaintiff has been afforded not only one,

but two, opportunities to refute the allegations against him through the MSPB process.

Specifically, Plaintiff has had two hearings before the MSPB based on his allegations that the

Agency violated USERRA when he was removed.  Most notably, although the Plaintiff was a

probationary employee, the Agency provided him with an opportunity to respond to the

allegations against him prior to terminating his employment.  <u>See</u> <u>Kursar v. Department of

Transportation</u>, 2004 MSPB LEXIS 1344, *3 (August 26, 2004) ("On April 29, 2002, Plaintiff

[Kursar] submitted his written reply [to the notice of intent to terminate] with attachments.").

Finally, this claim is not in and of itself a cause of action, but a remedy available under a Fifth

Amendment claim for damage to reputation without due process of law.  <u>Ranger v. Tenet</u>, 274 F.

Supp. 2d 1, 10 (D.D.C. 2003) (<u>citing</u> <u>Doe v. Department of Justice</u>, 793 F.2d 1092, 1102 (D.C.

Cir. 1985)).  As discussed above, Plaintiff has already litigated his Fifth Amendment argument

before the Federal Circuit, and as such, cannot bring the claim again in this forum.

      As has been discussed at length herein, the Plaintiff is currently litigating his

termination before the MSPB under USERRA.  In that action, he directly challenges the reasons

for his termination.  <u>Kursar v. Department of Transportation</u>, 2004 MSPB LEXIS 1344 (August

26, 2004).  If he prevails in his appeal to the MSPB or Federal Circuit, his record will be

expunged, and he will be entitled to full back pay, restoration and fees.  To date, he has not

prevailed on any of his allegations before the MSPB.  Furthermore, although probationary, it is

undisputed that he was given an opportunity to refute the allegations against him prior to the

Agency's termination action.  <u>Kursar v. Department of Transportation</u>, 2004 MSPB LEXIS

1344, *3 (August 26, 2004).  As such, he has already been given ample opportunity to be heard

on his defenses in the case, and has failed.  Therefore, Plaintiff fails to state a claim upon which

relief may be granted.

     **III.**    <u>**Plaintiff's Privacy Act Claims Should Be Dismissed.**</u>

     **A.**    **Plaintiff's Privacy Act Claims Under 5 U.S.C. §§ 552a(e)(2) & (g)(1)(c) Fail to <u>State a Claim Because Plaintiff Admits the Agency Sought His Response to the Allegations Against Him Prior to Terminating His Employment</u>.**

     **1.**    <u>**Plaintiff Fails To State A Claim Under 5 U.S.C. §§ 552a(e)(2).**</u>

Plaintiff alleges in his fourth claim that the Agency violated his rights under 5 U.S.C. §§

552a(e)(2) and (g)(1)(c) because the Agency failed to solicit information from him prior to

taking the termination action.  However, this claim fails because the Plaintiff himself admits that

he submitted his written reply to the proposed action from his supervisor denying he had made

any false or incorrect entries on his SF-86.  Compl. ¶ 11.  Accordingly, Plaintiff cannot state a

claim under the Privacy Act because his input was solicited by the Agency prior to a decision

being made about his employment.

Under 5 U.S.C. § 552a(e)(2), an Agency is required to "collect information to the greatest

extent practicable directly from the subject individual when the information may result in adverse determinations about an individual's rights, benefits and privileges under Federal programs." Further, when conducting an investigation, questions regarding a subject's credibility does not relieve an Agency from collecting information first from the subject of the investigation. Waters v. Thornburgh, 888 F.2d 870, 873 (D.C. Cir. 1989).

In this case, the Agency never initiated an investigation into the allegations of misconduct by Plaintiff. Rather, the Agency received ***unsolicited*** information from a third party regarding the Plaintiff's background. Kursar v. Department of Transportation, 2004 MSPB LEXIS 1344 (August 26, 2004). The Agency then gave the Plaintiff an opportunity to respond to the allegations against him. Id. and Compl. ¶¶ 10 - 11. Upon review of Plaintiff's response to the allegations, the Agency found the allegations properly warranted Plaintiff's termination. As a result, the Agency removed the Plaintiff. It is axiomatic that the Agency could not have violated Plaintiff's rights under 5 U.S.C. §§ 552a(e)(2), if the agency did not commence an investigation into his conduct. Further, prior to taking the action, the Agency sought Plaintiff's input into the charges against him. Id. Therefore, once the Agency received unsolicited adverse information, it provided the Plaintiff with an opportunity to respond to the allegations. Because the Agency provided the Plaintiff with this opportunity, and because the Agency did not conduct an investigation, Plaintiff cannot show a violation of his rights under this provision of the Privacy Act and the claim should be dismissed.

**2.      Plaintiff Fails To State A Claim Under 5 U.S.C. § 552a(g)(1)(c).**

Plaintiff also alleges his rights were violated under 5 U.S.C. § 552a(g)(1)(c). This part of the Privacy Act provides that an "individual may bring a civil action against the agency" where

"any agency":

> fails to maintain any record concerning any individual with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination relating to the qualifications, character, rights, or opportunities of, or benefits to the individual that may be made on the basis of such record, and consequently a determination is made which is adverse to the individual.

5 U.S.C. § 552a(g)(1)(c).

It is undisputed that the Agency removed the Plaintiff based on questions regarding his integrity.  The Agency removed the Plaintiff based on a statement made by a previous colleague of the Plaintiff.  Under pertinent caselaw, such records do not merit an adverse finding under 5 U.S.C. § 552a(g)(1)(c) because statements of opinion and subjective evaluation are not subject to the remedial scheme of the Privacy Act.  Doyon v. United States, 304 F. Supp. 2d 32, 35 (D.D.C. 2004); Webb v. Magaw, 880 F. Supp. 20, 25 (D.D.C. 1995); Pontecorvo v. FBI, No. 00-1511, slip op. at 20 (D.D.C. September 30, 2001).

Furthermore, Plaintiff's suit at issue here is merely a collateral attack on the decision made by the Agency to terminate his employment.  The courts have routinely held that the Privacy Act is not a vehicle for the Plaintiff to amend the judgment of federal officials.  Fields v. NRC, No. 98-1714, slip op. at 1-2, 5-7 (D.D.C. May 12, 1999); Allen v. Henefin, 2 Gov't Disclosure Serv. (P-H) ¶ 81,056 at 81,147 (D.D.C. Dec. 10, 1980) (court doubts Privacy Act meant to review personnel determination.); Kennedy v. Andrus, 459 F. Supp. 240, 242 (D.D.C. 1978), aff'd, 612 F.2d 586 (D.C. Cir. 1980) (Privacy Act is not a vehicle for collateral attack of personnel decision to issue a reprimand).  Finally, although the D.C. Circuit has ruled that the CSRA does not act as an outright bar to a Privacy Act claim, the court has held that the Privacy Act was not intended to shield federal employees from the vicissitudes of federal personnel

14

management decisions.  Hubbard v. EPA Administrator, 809 F.2d 1 (D.C. Cir. 1986).  Plaintiff's

entire case is an attempt to use the Privacy Act as a means to overturn the Agency decision to

terminate his employment.  Therefore, Plaintiff fails to state a claim for relief and this cause of

action should be dismissed.

**B.      The Plaintiff's Claims Under 5 U.S.C. §§ 552a(e)(5) and (e)(6) (Claims 5 and 6) should be dismissed for Plaintiff's Failure to Exhaust His Administrative Remedies.**

The Plaintiff has alleged that the agency maintains incorrect information regarding his

removal action and that the Agency disseminated this information to a third party.  As a remedy

in this action, Plaintiff is seeking the removal of adverse information from his Official Personnel

Folder.  See Compl ¶ 92(2).  However, prior to seeking judicial review of the agency's actions,

Plaintiff is required to petition the Agency to alter his records, which he has not done.

Under pertinent caselaw, in order to bring an action under 5 U.S.C. § 552a(e)(5), the

Plaintiff must demonstrate that he has exhausted his administrative remedies.  Murphy v. United

States, 121 F. Supp. 2d 21, 28 (D.D.C. 2000) aff'd per curiam, 64 Fed. Appx. 250 (D.C. Cir.

2003); M.K. v. Tenet, 99 F. Supp. 2d 12, 20 (D.D.C. 2000).  Because the Plaintiff has not raised

these issues with the Agency, nor has petitioned the Agency to review and alter his records, he

cannot bring this action here.  As such, his request to have the District Court alter his records

must fail because he has not exhausted his administrative remedies.

15

**C.     To the Extent That Plaintiff's Fifth & Sixth Claims Allege Disclosure to A Third Party as a Violation of 5 U.S.C. §§ 552a(e)(5) and (e)(6), These Claims Fail Based on the "Routine Use" Exemption Under the Privacy Act And Also Because Plaintiff's Employment History With The Agency Is Public Record.**

Plaintiff also alleges that the Agency provided information to a third party without his consent as part of a background investigation.  However, assuming all facts as alleged as true, Plaintiff fails to state a claim because the "routine use" exception promulgated by the Office of Personnel Management (OPM) regarding employment history provides that an Agency may divulge to a third party that a former employee had been terminated.  Additionally, as discussed above, Plaintiff has been litigating his removal for several years before the MSPB and Federal Circuit.  As a result, his cases have been published and therefore, all facts regarding his removal are a matter of public record.  Consequently, assuming the facts in the light most favorable to the Plaintiff, his causes of action fail to state a claim.

As established in OPM's Federal Register notice, Official Personnel Folders (OPFs) are owned by OPM and maintained by the agency who employs an individual employee.  See 65 Fed. Reg. 24732 (April 27, 2000).  The routine use applies to any employee or former employee of the Government.  See id. at 24733.  Under the routine uses of OPFs, OPM states that an agency may disclose to a non-Federal third party regarding an employee:  "(4) when separated, the date and nature of action as shown on the Notification of Personnel Action - Standard Form 50."  Id. at 24735, pt. dd(4).  Thus, under OPM's routine use exception, the Agency was not required to obtain a release from Plaintiff to disclose that he had been terminated from employment.  Therefore, these two causes of action fail to state a claim because the Agency was under no obligation to obtain a release from the employee.

Additionally, information is not subject to the Privacy Act if it is a matter of public

16

record.  "[W]hen a release [of information] consists merely of information to which the general

public already has access . . . the Privacy Act is not violated.  Hollis v. U.S. Department of the

Army, 856 F.2d 1541, 1545 (D.C. Cir. 1988); King v. Califano, 471 F. Supp. 180, 181 (D.D.C.

1979).  Plaintiff's entire case is premised on information that is already part of both the Federal

Circuit's decision as well as reported MSPB cases.  See Kursar v. Department of Transportation,

157 Fed. Appx. 306, 309 (Fed. Cir. 2005); Kursar v. Department of Transportation,

102 M.S.P. R. 306, 310 (2006); Kursar v. Department of Homeland Security, 2007 MSPB

LEXIS 5966 (September 28, 2007); Kursar v. Department of Transportation, 2004 MSPB LEXIS

1344 (August 26, 2004).  Plaintiff alleges the Agency disseminated information to a private

background investigator in May 2006.  Compl. ¶ 17.  However, Plaintiff had been in litigation

with the Agency since 2003, and both the MSPB and Federal Circuit had issued their final

decisions long before May 2006.  Kursar v. Department of Transportation, 157 Fed. Appx. 306,

309 (Fed. Cir. 2005); Kursar v. Department of Transportation, 2004 MSPB LEXIS 1344 (August

26, 2004).  Thus, taking his pleadings as true, which the Agency does not concede, Plaintiff

cannot state a claim because anyone could access these public records and find out all of the

information regarding Plaintiff's termination from the Agency.  As a matter of law, these claims

must be dismissed.

## CONCLUSION

As a matter of law, Plaintiff's case must fail.  He has already pleaded his due process and

Fifth Amendment claim before the Federal Circuit.  Accordingly, he is barred from raising these

issues in this forum under *res judicata*.  Even if he was not barred from raising these claims, as a

probationary employee, he was not entitled to due process.  In regard to his Privacy Act claims,

17

Plaintiff has failed to exhaust his administrative remedies prior to bringing the instant action.

Finally, taking his pleadings as true, Plaintiff fails to state a claim regarding disclosure of

information by the Agency because such a disclosure is governed by the routine uses for OPFs,

and further, his court cases are a matter of public record and contain all the information he

alleges the Agency has disclosed.  Accordingly, as a matter of law, this entire complaint should

be dismissed under Federal Rule of Civil Procedure 12.

                                 Respectfully submitted,

                                 /s/

JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney


                                 /s/

RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


                                 /s/

CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney
United States Attorneys Office
Civil Division
555 4th Street, N.W., Room E-4204
Washington, D.C. 20530
(202) 514-7137

18

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a copy of the foregoing motion, supporting memoranda and proposed

order have been served by First-Class Mail, postage prepaid to:

ROBERT KURSAR
#17-2345 Cranley Drive
Surrey, BC Canada, V4A-9G5

on this 1st day of February, 2008.


_____/s/_____
CLAIRE WHITAKER
Assistant United States Attorney
United States Attorneys Office
Civil Division
555 4th Street, N.W., Room E-4204
Washington, D.C. 20530
(202) 514-7137

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ROBERT KURSAR,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| ) | **Civil Action No. 07-2001 (RBW)** |
| ) | |
| **v.** ) | |
| ) | |
| **THE HONORABLE MICHAEL CHERTOFF** ) | |
| **Secretary, Department of Homeland Security,** ) | |
| **et al**. ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**<u>ORDER</u>**

       Upon consideration of defendants' motion to dismiss, the opposition and reply thereto,

and after a review of the entire record, it is this _____ day of _____, 2008,

       ORDERED, that said motion is granted for the reasons set forth in defendants'

memorandum of points and authorities attached to the motion.


                         _____
                         UNITED STATES DISTRICT JUDGE


Copies to:

ROBERT KURSAR, pro se
#17-2345 Cranley Drive
Surrey, BC Canada, V4A-9G5

CLAIRE WHITAKER
Assistant U.S. Attorney
555 4th St., N.W. 4204
Washington, D.C. 20530